**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| ANDREW YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | )   2:07-cv-00484-RCJ-LRL |
| v. | ) |
| | )   **O R D E R** |
| JAMES A. KAKU AND DARREL KAKU, | ) |
| | ) |
| Defendants. | ) |

Before the court is plaintiff's Motion to be Present at all Court Hearings (#3). No opposition was filed.

"Prisoners who bring civil actions do not have a constitutional right to personally appear at any stage of the proceedings." *Woods v.* Goord, 2002 U.S. Dist. LEXIS 19371, at \*24 (S.D.N.Y. filed Oct. 10, 2002) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (holding that prisoner had no right to be present at the trial of his section 1983 action)); *see also Holt v. Pitts*, 619 F.2d 558, 560-61 (6th Cir. 1980) (holding that district court acted within discretion in denying plaintiff-inmate's request to be produced for civil conference). Further, "although a court is obligated to make meaningful accommodations to an inmate at the time his civil action proceeds to trial, . . . the physical presence of the plaintiff is of significantly lesser importance at the pretrial phase of the judicial process." *Holt*, 619 F.2d at 561-62; *see also Am. Inmate Paralegal v. Cline*, 859 F.2d 59, 62 (8th Cir. 1988) ("Civil rights plaintiffs generally have no constitutional right to be present at the trial of their claims, let alone the right to personally attend a pretrial conference.") (citations omitted).

Although oral testimony and factors such as the credibility of witnesses play some part in the preliminary phase of the court's decision-making, pretrial proceedings are most often conducted through the paper or electronic filing of various documents with the court. Indeed, most motions at this stage

are addressed without hearing oral argument.  In this case, the court notes that the record reflects no inadequacy that would appear to require evidentiary supplementation.  *Id.*  If plaintiff's civil action proceeds to trial and his claims survive motions for dismissal and summary judgment, the "court must then take all reasonable steps necessary to insure that the inmate receives the fair 'day in court' to which he is entitled."  *Holt*, 619 F.2d at 561-62 (citation omitted).

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff's Motion to be Present at all Court Hearings (#3) is DENIED without prejudice to plaintiff refiling the motion at a later time.

DATED this 1st day of February, 2008.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**